UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60669-CIV-COHN/SNOW

LUZ COSTAS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE
Commissioner of Social Security

    Defendant,

_____/

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

THIS CAUSE is before the Court upon the Report and Recommendation of United States Magistrate Judge Lurana S. Snow, dated April 4, 2007 [DE 20].  Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a <u>de novo</u> review of the Report and Recommendation, Plaintiff's Objections thereto [DE 21], and Defendant's Response to Plaintiff's Objections [DE 22], and is otherwise fully advised in the premises.

### I.  BACKGROUND

### A. Procedural History

The Plaintiff filed a complaint pursuant to the Social Security Act, 42 U.S.C. § 401 <u>et</u>. <u>seq</u>., upon the final decision of the Social Security Administration to deny her application for Supplemental Security Income (SSI) benefits.  Upon Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on May 25, 2005.  The

ALJ found that the Plaintiff was not disabled within the meaning of the Social Security Act.  The Appeals Council denied the Plaintiff's request for review on March 17, 2006.  The Plaintiff filed the above-captioned action seeking judicial review of the Commissioner's decision, which was referred to Judge Lurana S. Snow for appropriate disposition or report and recommendation.  The parties filed cross-motions for summary judgment, and Judge Snow issued the instant Report and Recommendation.  Plaintiff objects to Judge Snow's recommendation that judgment be entered in favor of Defendant.  Specifically, Plaintiff alleges that she is unable to work because of severe back pain.

## B. Factual Background[1]

The Plaintiff was examined for back pain at various times by treating physician Rafael O. Nunez, chiropractor David Mote, neurologist Reed Stone, and orthopedic surgeon Charles S. Theofilos.  Among the many medical recommendations and evaluations the Plaintiff received, two are central to addressing Plaintiff's objections.  First, after examining and treating the Plaintiff over a six-month period, Dr. Theofilos wrote in a letter that he felt the Plaintiff should be at a light-duty work status in the future.  Second, on July 20, 2004, Dr. Nunez completed a Medical Assessment of Ability to Do Work-Related Activities Form, stating that the Plaintiff could lift a maximum of one to two pounds frequently (from 1/3 to 2/3 of an eight-hour day).  Dr. Nunez also opined that the Plaintiff's abilities to stand, walk, and sit were affected by her

---

[1]The facts as stated by Judge Snow are uncontested by the parties and are adopted in their entirety.  Select facts pertinent to the Plaintiff's Objections are presented herein.

impairment but did not indicate how many hours per day the Plaintiff could perform each of these functions.  Dr. Nunez did not complete the portions of the form which dealt with postural limitations, physical functions, and environmental restrictions and expressed no opinion regarding the level of work that the Plaintiff could perform. Rather, Dr. Nunez stated that the Plaintiff needed an evaluation by a neurosurgeon to complete these portions of the form.

After a review of the medical records, the ALJ found that the Plaintiff retained the residual functional capacity to perform sedentary work in that she could occasionally lift and/or carry ten pounds, stand and/or walk for two hours in an eight-hour work day, and sit (with normal breaks) for six hours or more during an eight-hour work day.  The ALJ further found that the Plaintiff's subjective allegations of pain were less than fully credible because of her poor work record and related circumstances, decision to take little medication despite alleged severe pain, failure to participate in physical therapy, and continued ability to drive a car.  The ALJ concluded that these factors, combined with the objective medical record, suggested that the Plaintiff experienced pain, but not of the intensity she alleged.  Based on the Plaintiff's age, education, residual functional capacity, and lack of past relevant work experience, the ALJ concluded that the Plaintiff has not been disabled since November 11, 2002, as claimed, and consequently that the Plaintiff was not entitled to benefits under the Social Security Act.

In the instant case, the Plaintiff claimed that the underlying record did not support the ALJ's determination that she had the capacity to perform sedentary work. Citing the ALJ's consideration of Dr. Theofilos' opinion in conjunction with the record as a whole, Judge Snow determined that the decision of the Commissioner was supported

3

by substantial evidence, as required by 42 U.S.C. § 405(g).  Judge Snow further determined that, contrary to Plaintiff's claim, the ALJ's assessment that the Plaintiff could not lift more than ten pounds occasionally was not inconsistent with Dr. Nunez's opinion that the Plaintiff could not lift or carry more than one or two pounds frequently. Furthermore, it was within the ALJ's discretion to find that the Plaintiff's subjective allegations of pain were less than fully credible.  For these reasons, Judge Snow recommends that the Plaintiff's Motion for Summary Judgment [DE 15] be denied and the Defendant's Motion for Summary Judgment [DE 18] be granted.

## II.  ANALYSIS

The Plaintiff's Objections [DE 21] reiterate the assertion that the ALJ erred in determining that the Plaintiff retained the residual functional capacity to perform sedentary work.  More specifically, the Plaintiff questions whether the light duty work suggested by Dr. Theofilos is synonymous with the light work category described in the Social Security regulations.  The Plaintiff goes further, challenging whether the meaning of Dr. Theofilos' recommendation is discernable at all.  Secondly, the Plaintiff claims that Dr. Nunez's opinion that the Plaintiff can lift no more than one to two pounds frequently is inconsistent with the ALJ's finding that the Plaintiff can perform sedentary work, which requires her to be able to lift or carry ten pounds occasionally.

The Defendant's Response to Plaintiff's Objections [DE 22] alleges that Judge Snow correctly concluded that Dr. Theofilos' statement that the Plaintiff could perform light work was just one of several relevant physician opinions in the record supporting the ALJ's determination that the Plaintiff could do sedentary work.  It was not the sole basis for the ALJ's finding.  In response to Plaintiff's second objection, the Defendant

notes that Dr. Nunez opined that the Plaintiff could not <u>frequently</u> lift more than one to two pounds, which is not inconsistent with the sedentary work capacity requirement.

After conducting a <u>de novo</u> review of the record, the Court agrees with the Defendant's arguments. The Social Security Administration defines "sedentary work" as involving the lifting of "no more than 10 pounds at a time and occasionally lifting" lighter objects. Sedentary work mostly requires sitting but also occasionally requires some walking and standing. 20 C.F.R. § 416.967. The record as a whole provided the Commissioner with sufficient evidence to determine that the Plaintiff retained the functional capacity to perform sedentary work. Whether Dr. Theofilos intended to suggest that the Plaintiff could perform light work as defined by the regulations or as defined otherwise is irrelevant because the ALJ merely incorporated the evaluation as one component of the overall record. Therefore, Plaintiff's Objections are overruled, Judge Snow's recommendations are adopted, and judgment shall be entered in favor of the Defendant.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Objections [DE 21] to United States Judge Lurana S. Snow's Report and Recommendation are hereby **OVERRULED**;

2.  The Report and Recommendation [DE 20] of United States Magistrate Judge Lurana S. Snow, dated April 4, 2007 is **ADOPTED**;

3.  Plaintiff's Motion for Summary Judgment [DE 15] is **DENIED**;

4.  Defendant's Cross-Motion for Summary Judgment [DE 18] is **GRANTED**;

5. Judgment is hereby entered in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Luz Costas and Plaintiff shall take nothing from this action;

6. The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of June, 2007.

JAMES I. COHN
United States District Judge

Copies to Counsel of record on CM/ECF